HARRY A. FURBISH *vs.* WILLIAM R. CHAPMAN.

Franklin.    Opinion January 27, 1920.

*Contracts.    Meeting of minds.*

Action to recover damages for alleged breach of contract. The plaintiff claims that the defendant agreed to pay him a commission of five per cent for selling certain stumpage at a minimum price of twelve dollars and a half per thousand, that on his part he fully performed the contract but that the defendant has failed to pay the commission as agreed.

For the purpose of proving the contract the plaintiff produced certain correspondence between the parties. Testimony was also introduced showing that the plaintiff procured and produced to the principal, customers willing and prepared to purchase and pay for the stumpage at thirteen dollars per thousand. This would have entitled the plaintiff to the commission if the contract were proved as alleged. But the evidence does not show that the contract between the parties was as the plaintiff claims. The letters prior to that of July 23rd do not show a meeting of minds on any proposition. The letter of July 23rd which is relied upon by the plaintiff gives authority to sell the land for one hundred and twenty-five thousand dollars or upwards, and contains a promise to pay a commission of five per cent on the sale. No claim is made that the plaintiff sold the land. But the letter even when read in the light of the entire correspondence does not in the judgment of the court prove a contract to pay a commission for the sale of stumpage. The presiding Justice directed a nonsuit. To this ruling the plaintiff excepted.

Action of assumpsit to recover commissions for the sale of real estate. Defendant filed plea of general issue. At the close of the evidence on the part of the plaintiff, upon motion of defendant a nonsuit was granted; to which ruling plaintiff filed exceptions. Judgment in accordance with opinion.

Case stated in opinion.

*Butler & Butler, and Frank W. Butler,* for.plaintiff.

*Pattangall & Locke, and H. H. Hastings,* for defendant.

SITTING:   SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

DEASY, J.   This is an action to recover damages for alleged breach of contract. The plaintiff claims that the defendant agreed to pay him a commission of five per cent for selling certain stumpage at a minimum price of $12.50 per thousand, that on his own part he fully performed the contract, but that the defendant has failed to pay the commission as agreed.

For the purpose of proving the contract the plaintiff produced certain correspondence between the parties, the material parts of which are hereinafter set forth.

Testimony was also introduced showing that the plaintiff procured and produced to the principal, customers willing and prepared to purchase and pay for the stumpage at $13.00 per thousand. This would have entitled the plaintiff to the commission if the contract were proved as alleged.

*Garcelon* v. *Tibbetts,* 84 Maine, 148; *Smith* v. *Lawrence,* 98 Maine, 94; *Hartford* v. *McGillicuddy,* 103 Maine, 229.

But the evidence does not show that the contract between the parties was as the plaintiff claims.

The contract was evidenced by letters the essential parts of which are as follows:—

Chapman to Furbish, July 15, 1918. "I am quite willing to give you five per cent, broker commission for selling the property for anything above $125,000, also five per cent on anything above $12.50 for all stumpage on the soft wood sawed alive," . . . . .

Furbish to Chapman, July 17, 1918. "I should not care to work the proposition on such a basis. I would want you to state. that, if I sold the property for $125,000 or more or the stumpage for $12.50

per cord or more, I am to receive a broker's commission on the sale of five per cent." . . . . "The way you have worded the broker's commission I should receive a five per cent commission only on the amount that I sell the property for over and above the $125,000, or over and above the $12.50 stumpage, and it would not pay me to bother with the proposition on such terms." . . . . As soon as you assure me that I am to receive five per cent commission on the sale I will have the parties go on and cruise the land and try to close a deal with some one of them."

Chapman to Furbish, July 23, 1918. "I did not realize that my letter read as it did, for I surely meant to give you five per cent on the sale of all my pine timber and the land on which it stands if sold for $125,000 or upwards. I would prefer to sell right out in lump sum, rather than bother to sell it by the thousand," . . . .

The letters prior to July 23 do not show a meeting of minds on any proposition. The letter of July 23 gives authority to sell the land for $125,000 or upwards and a promise to pay a commission of five per cent on the sale. No claim is made that the plaintiff sold the land. But the letter even when read in the light of the entire correspondence does not, in the judgment of the court prove a contract to pay a commission for sale of stumpage.

The presiding Justice directed a nonsuit. To this ruling the plaintiff excepted.

*Exceptions overruled.*